IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ENRIQUE ROSARIO, #R-06488, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cause No. 3:20-cv-00301-GCS |
| | ) | |
| SCOTT THOMPSON, | ) | |
| DR. MEYERS, | ) | |
| S. MERCIER, | ) | |
| C/O RODMAN, | ) | |
| ANN DEARMOND, | ) | |
| and JANE DOE 1 (Nurse), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Enrique Rosario is a state prisoner currently incarcerated at Menard Correctional Center ("Menard") in the Illinois Department of Corrections ("IDOC"). He filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1). He claims Defendants were deliberately indifferent to his need for medical treatment and pain relief after a hand injury and seeks monetary damages.

This case is now before the Court for a preliminary merits review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter

---

[1]    The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memoranda of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  *See* 28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations in the First Amended Complaint:  On March 12, 2019, he injured his left hand in an altercation with another inmate.  (Doc. 1, p. 7).  C/O Rodman interviewed Plaintiff the next day while investigating the incident. Rodman took Plaintiff to Health Care after Plaintiff said that something was severely wrong with his hand.  He could not move the three middle fingers.  Dr. Meyers ordered a sling to keep the hand straight while awaiting x-rays, but Rodman would not allow the sling while Plaintiff was in segregation.  Instead, Plaintiff's hand got an Ace wrap which bent his fingers.  (Doc. 1, p. 7; Doc. 1-1, p. 8-10).

X-rays on March 15, 2019 reviewed by Dr. Meyers showed a non-displaced fracture.  A radiologist re-wrapped Plaintiff's hand, making it difficult for him to keep the fingers straight as recommended.  (Doc. 1, p. 9).  Plaintiff continued to have severe pain and made his own splint using spoons.

On March 26, 2019, Nurse Practitioner Dearmond referred Plaintiff to the doctor and recommended an evaluation by an orthopedist.  However, Dr. Meyers denied the

orthopedic consultation on April 4, 2019, based on his misdiagnosis that the fracture was non-displaced.  (Doc. 1, p. 9; Doc. 1-1, p. 14).  Dr. Meyers ordered Plaintiff to keep his finger splinted, but the nurses[2] never provided a splint.  On April 5, 2019, Plaintiff saw Dr. Meyers again; the doctor ordered more pain medicine (which was not provided for several weeks), another x-ray, and a splint, but refused to order an MRI.  (Doc. 1, p. 9; Doc. 1-1, p. 17).

The Jane Doe 1 Nurse failed to provide the splint or order the x-rays as directed by Dr. Meyers on April 5, 2019.  (Doc. 1, p. 3, 9; Doc. 1-1, p. 18-19).  Five weeks after the injury, an unidentified nurse improperly applied a splint; Plaintiff noticed his hand was healing crooked.  (Doc. 1, p. 10).  When new x-rays were taken on April 18, 2019, they showed erosive or destructive changes to Plaintiff's fourth finger.

Plaintiff filed an emergency grievance on March 26, which Grievance Officer Mercier denied, falsely stating Plaintiff received a splint and ace wrap on March 26.  (Doc. 1, p. 10; Doc. 1-1, p. 1-2, 6).  In fact, Dearmond failed to splint his finger that day and allowed Plaintiff to keep his makeshift splint of spoons and a torn sheet.  (Doc. 1, p. 10; Doc. 1-1, p. 5, 15-16).  Plaintiff filed another grievance on April 16, 2019, and on April 20, 2019, wrote to Warden Thompson seeking help to get proper treatment.  (Doc. 1, p. 10, 12; Doc. 1-1, p. 3-4).

Plaintiff's hand continued to be impaired and painful despite two and a half months of physical therapy.  (Doc. 1, p. 10-11).  In August 2019, an outside orthopedic

---

[2] Plaintiff has not named these nurses as Defendants in this action; the Jane Doe 1 Nurse is specifically identified as the person who failed to implement Dr. Meyers's orders of April 5, 2019.  (Doc. 1, p. 3).

consultation revealed that Plaintiff's fractures in two fingers were in fact displaced and that surgery could be needed. (Doc. 1, p. 11; Doc. 1-1, p. 25-28). In January 2020, after Plaintiff had been transferred to Menard, surgery was recommended after a follow-up orthopedic visit. (Doc. 1, p. 11, Doc. 1-1, p. 30-32).

DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| Count 1: | Eighth Amendment deliberate indifference to serious medical needs claim against C/O Rodman, for refusing to allow Plaintiff to have a sling on his arm while in segregation, contradicting the doctor's order. |
|---|---|
| Count 2: | Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Meyers for improperly assessing and treating Plaintiff's fractured fingers, including refusing to refer Plaintiff to a specialist in April 2019, failing to ensure the fingers were splinted, and failing to provide pain medication. |
| Count 3: | Eighth Amendment deliberate indifference to serious medical needs claim against Dearmond, for failing to splint Plaintiff's fingers on March 26, 2019. |
| Count 4: | Eighth Amendment deliberate indifference to serious medical needs claim against Jane Doe Nurse 1, for failing to follow the doctor's orders to splint Plaintiff's fingers on April 5, 2019, and order x-rays. |
| Count 5: | Eighth Amendment deliberate indifference to serious medical needs claim against Mercier and Thompson, for failing to obtain medical care for Plaintiff in response to his grievances and letter. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

### Count 1

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that: (1) he suffered from an objectively serious medical condition; and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Here, Plaintiff claims that C/O Rodman was aware of Plaintiff's serious hand injury and the doctor's decision that a sling was medically indicated. However, Rodman, who was not a health care provider, would not permit Plaintiff to have the sling in segregation. As a result, Plaintiff was unable to keep his fingers straight as the doctor recommended, and his fingers did not heal properly. These allegations are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Rodman.

### Count 2

A mistake, misdiagnosis, or even malpractice does not amount to a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The Eighth

---

[3]     *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Amendment only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). However, a delay in treatment, particularly if it exacerbated the injury or prolonged an inmate's pain, or a failure to refer to a specialist, may amount to deliberate indifference. *See Perez v. Fenoglio*, 792 F.3d 768, 778-779 (7th Cir. 2015); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Further factual development is appropriate to assess Plaintiff's claims against Dr. Meyers. Thus, Count 2 shall proceed for consideration.

## Counts 3 and 4

Plaintiff alleges that both Dearmond and Jane Doe Nurse 1 failed to splint his fingers in spite of Dr. Meyers's orders for them to provide this treatment. He also claims that Jane Doe Nurse 1 failed to carry out Dr. Meyers's direction to set up x-rays for Plaintiff on April 5, 2019. The deliberate indifference claims in Counts 3 and 4 will also proceed.

## Count 5

Neither Mercier nor Thompson is a health care provider, but Plaintiff alleges that he informed them of the medical Defendants' failure to treat his hand injury via the prison grievance procedure and by writing directly to Thompson, and they failed to act. He further claims that Mercier falsified information in a grievance response, indicating he received treatment that was never in fact provided. "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez*, 792 F.3d at 781. On this theory, Plaintiff's claim in Count 5 may also proceed at this juncture.

### JANE DOE DEFENDANT

Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying the unknown "Jane Doe" 1 Nurse, in accordance with the discovery order that will be entered by the Court. Once the name of the unknown Defendant is discovered, Plaintiff must file a motion to substitute the newly identified Defendant in place of the generic designations in the case caption and throughout the Complaint.

### DISPOSITION

**IT IS HEREBY ORDERED** that Counts 1-5 survive preliminary review pursuant to 28 U.S.C. § 1915A and shall proceed for further consideration.

The Clerk of Court shall prepare for Defendants **THOMPSON, MEYERS, MERCIER, RODMAN,** and **DEARMOND**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for

sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  December 7, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.12.07 15:26:54 -06'00'

    **GILBERT C. SISON**
    **United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.