UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENRIQUE ROSARIO, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ALISA DEAMOND, SHAYNE MERCIER, PERCY MYERS, ALEXANDER RODMAN, and SCOTT THOMPSON, | ) Case No. 3:20-cv-00301-GCS |
| Defendants. | ) |

# **MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Enrique Rosario, an inmate within the Illinois Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Pinckneyville Correctional Center. Now pending before the Court are Defendant Mercier's and Thompson's May 17, 2021 motion on the issue of exhaustion (Doc. 43, 44).[1] That same day, Defendants filed the required Federal Rule of Civil Procedure 56 notice to Rosario informing him of the consequences of failing to respond to the motion for summary judgment. (Doc. 45). As of this date, Rosario has

---

[1] The Court notes that Defendant Rodman withdrew the affirmative defense of exhaustion of administrative remedies (Doc. 42), and that neither Defendant Myers nor Defendant Deamond filed a motion for summary judgment on the issue of exhaustion of administrative remedies by the motion deadline of May 17, 2021.

not responded to the motion for summary judgment.[2] For the following reasons, the Court **GRANTS** the motion.

## DISCUSSION

The following claims survived the Court's screening of the complaint pursuant to 28 U.S.C. § 1915A:

**Count 1 –** Eighth Amendment claim against Rodman for deliberate indifference to serious medical need;

**Count 2 –** Eighth Amendment claim against Dr. Myers for deliberate indifference to serious medical need;

**Count 3 –** Eighth Amendment claim against Deamond for deliberate indifference to serious medical need;

**Count 4 –** Eighth Amendment claim against Jane Doe # 1 for deliberate indifference to Plaintiff's serious medical need; and

**Count 5 -** Eighth Amendment claim against Mercier and Thompson for deliberate indifference to serious medical need.

(Doc. 11). On June 4, 2021, District Judge David W. Dugan dismissed without prejudice Jane Doe # 1 from the case. (Doc. 47).

## ANALYSIS

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Pursuant to the Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. "To exhaust remedies,

---

[2] Pursuant to Local Rule 7.1(c), Plaintiff's lack of a response could be interpreted as an admission of the merits of the motions.

a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement – exhaustion must occur before suit is filed. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his circuit has taken a strict compliance approach to exhaustion"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

As stated before, Rosario has not responded to the motion despite being warned through Defendants' Rule 56 Notices, and the time to respond to the motion has passed. The Court considers Rosario's failure to respond as an admission of the merits of the motions filed by Defendants. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission and the record before the Court, the Court finds that Rosario did not exhaust his administrative remedies for his claims against Mercier and Thompson prior to filing this lawsuit.

## Conclusion

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment on the issue of exhaustion filed by Defendants. (Doc. 43). The Court **DISMISES without prejudice** Rosario's claims against Defendants Mercier and Thompson in Count 5. Further, the Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of this case. The remaining claims in this case are contained in Counts 1 (against Defendant

Rodman), Count 2 (against Defendant Myers), and Count 3 (against Defendant Deamond).

**IT IS SO ORDERED.**

**DATED: June 28, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.06.28 15:19:27 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**